UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14201-CIV-MOORE
MAGISTRATE JUDGE P. A. WHITE

GLENN SMITH,                       :

    Plaintiff,                  :

v.                                 :          REPORT OF
                                              MAGISTRATE JUDGE
JAMES MCDONOUGH, ET AL.,           :

    Defendants.                 :

## I. Introduction

This Cause is before the Court upon the plaintiff's Motion to Amend [DE# 39] and proposed Amended Complaint [DE# 40].

The plaintiff Glenn Smith, currently incarcerated at the Martin Correctional Institution ("MCI"), filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4]. The plaintiff named the following defendants:

1. Florida Department of Corrections Secretary James McDonough
2. Former MCI Captain Larry Barriner

The plaintiff raised the following allegations. On March 18, 2003, Barriner told the plaintiff that he was to be transferred from MCI to Okeechobee Correctional Institution ("OCI"). The plaintiff refused to voluntarily obey any order related to the transfer, because he believed the transfer was in retaliation for filing grievances and pursuing litigation. The plaintiff had to be

forcibly placed on the transport van and he suffered physical injuries at the hands of unidentified officers. When the plaintiff arrived at OCI, he was placed in confinement due to a pending disciplinary report issued by Barriner for disobeying an order based on his failure to cooperate with his transfer.  The plaintiff alleges that Barriner issued the disciplinary report in retaliation for complaining that the transfer was illegal, and for exercising his First Amendment right to symbolically protest against the transfer by resisting it.  The plaintiff further alleges that the Florida Department of Corrections administrative rule prohibiting inmates from disobeying orders is unconstitutional on its face because it is vague and overbroad.  The plaintiff also alleges that he was denied due process with regard to the disciplinary proceeding.  The plaintiff also received a disciplinary report on March 19, 2003 that was subsequently overturned.

In an Order [DE# 11] adopting the recommendations of the Report, the Honorable K. Michael Moore ruled that:

1. The claims of retaliatory transfer and the issuance of a retaliatory disciplinary report and all claims against the defendants McDonough and Barriner were dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. The claims concerning the constitutionality of disciplinary proceedings at OCI were dismissed without prejudice to the filing of a civil action against those individuals at OCI who allegedly violated the plaintiff's constitutional rights.

The plaintiff appealed, and the Eleventh Circuit affirmed this Court's decision in all respects except as to the dismissal of the plaintiff's claim against Florida Department of Corrections Secretary James McDonough, in his official capacity, on the allegations that McDonough permitted widespread retaliatory transfers. Smith v. McDonough, et al., 2008 WL 781824 (11 Cir. March 25, 2008). [DE# 28].

Accordingly, this case was reopened and is proceeding on this claim. Subsequent to the dismissal of the case, James McDonough was replaced by Mr. Walter A. McNeil, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, which provides that when a public officer is sued in his official capacity, and during the pendency of the litigation leaves office, the officer's successor is automatically substituted as a party. McNeil was served and has filed an Answer. [DE# 25].

The plaintiff now seeks to amend to include two claims: (1) Florida Department of Corrections Representative Toni Bowden violated his right to due process by failing to overturn the March 18, 2003 disciplinary report on appeal; and (2) the plaintiff has a protected liberty interest in placement in a correctional institution closest to his permanent residence. [DE# 40].

Because the proposed amended complaint [DE# 40] was filed after the defendant was served, leave of Court is required. Fed.R.Civ.P. 15(a). To determine whether the plaintiff should be granted leave to amend, the proposed amended complaint will be analyzed pursuant to 28 U.S.C. §1915.

II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
>
> * * *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of

5

specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

### Due Process Challenge to Disciplinary Appeal

The plaintiff alleges that Toni Bowden denied him due process in connection with his disciplinary proceedings at OCI by failing to rule favorably on his appeal.

The plaintiff does not explain why he believes Bowden violated his right to due process.  Presumably, because he references his Complaint, he is arguing that Bowden failed to find that the disciplinary report should be overturned due to procedural infirmities and because it was retaliatory.  According to the plaintiff's exhibits, he was sentenced to spend no more than 30 days in confinement, though his total time in confinement may have been approximately 37 days due to another disciplinary report issued the day after the disciplinary report at issue, which was ultimately overturned.

There is no right inherent in the Constitution not to be placed in disciplinary segregation. Sandin v. Conner, 515 U.S. 472, 476 (1995).  Therefore, because the plaintiff's allegations do not concern a right inherent in the Constitution, he must establish that he has a state-created liberty interest not to be confined to disciplinary segregation without being afforded due process. The Eleventh Circuit has interpreted the Sandin decision as recognizing two circumstances in which a prisoner can be further deprived of his liberty such that due process is required. The first is when a change in a prisoner's conditions of confinement is so severe that

it essentially exceeds the sentence imposed by the court. See Sandin, 515 U.S. at 484. The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state. Bass v. Perrin, 170 F.3d 1312, 1318 (11 Cir. 1999).

As a result of the Court's decision in Sandin, temporary confinement in disciplinary segregation does not mandate the due process procedures delineated in Wolff v. McDonnell, 418 U.S. 539, 558 (1974)(prisoners may not be deprived of statutory "good-time credits" without due process). Disciplinary segregation is not a "dramatic departure" from the ordinary conditions of confinement, nor is it a "major disruption in [a prisoner's] environment." Sandin, 515 U.S. at 485-86. Thus, under the authority of Sandin, a prisoner sentenced to a short term of disciplinary segregation has no protected liberty interest to which the due process protections apply. Because there is no right to procedural due process before the imposition of disciplinary segregation, neither the lack of due process nor any deficiency in procedure actually used is actionable in a §1983 action.

In the present action, the plaintiff is attempting to advance claims based on the second Sandin circumstance. See, e.g., Rodgers v. Singletary, 142 F.3d 1252, 1253 (11 Cir. 1998)(affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest). The plaintiff alleges only that he was sentenced to segregated confinement for 30 days as a result of the March 18, 2003

disciplinary report. This relatively short period of disciplinary segregation punishment is neither "atypical" nor a "significant hardship" under the Sandin analysis and is identical to the 30-day punishment received by inmate Conner. Even if the plaintiff spent 37 days in confinement as a result of another pending disciplinary report, the analysis would not change. In addition, the claim that the disciplinary report was retaliatory has already been dismissed.

Therefore, the claim against Bowden concerning the denial of due process in the disciplinary process by failing to overturn the report on appeal fails to state a claim for relief, and leave to amend to include this claim should be denied.

## Claim Concerning Geographic Placement

The plaintiff seeks a declaratory judgment on behalf of the class of all affected inmates that Florida prisoners have a protected liberty interest in being incarcerated in the state facility closest to their permanent residence. He argues that this interest is created by Fla.Stat. §944.611(1):

> The Legislature finds and declares that:
>
> (1) It is desirable that each inmate be confined in and released from an institution or facility as close to the inmate's permanent residence or county of commitment as possible, in order to lessen the transportation expense to the public.

The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility. Both Meachum v. Fano, 427 U.S. 215 (1976) and Montayne v. Haymes, 427 U.S. 236 held that intrastate prison transfers do not implicate

8

a prisoner's due process rights. Shortly thereafter, the Supreme Court held in Olim v. Wakinekona, 461 U.S. 238 that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause. Prisoners simply do not have the right to remain incarcerated within a particular geographic area. Meachum, 427 U.S. at 224.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In Sandin, supra, the Supreme Court abandoned the prior methodology for determining the existence of a liberty interest, as was used in Olim. Under the methodology of those cases, a court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." In its renunciation of prior case law, the Supreme Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest. Sandin held that "following Wolff [v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)], we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84. Moreover, the Sandin Court specifically rejected the

contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. Id. at 484.

Notably, however, the Sandin Court, found that its abandonment of prior methodology for determining the existence of a protected liberty interest did not require overruling the decision issued in Olim as the Olim Court correctly "concluded no liberty interest was at stake" with respect to an interstate transfer. 515 U.S. at 484, n. 5.

The plaintiff does not, and cannot, argue that placement in a state correctional facility that does not happen to be the closest to his home necessarily entails more burdensome conditions than that of a correctional facility closest to his permanent residence. The plaintiff's confinement in the location chosen by the Florida Department of Corrections is valid so long as it is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' [Meachum, 427 U.S. at 225]; Haymes, 427 U.S. at 242." Sandin, 515 U.S. at 478. To be sure, confinement in a prison facility located away from a prisoner's permanent residence does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Consequently, mere transfer and subsequent confinement of the plaintiff in a correctional facility farther from his St. Lucie County home does not implicate the due process protection of the Constitution and such claim is therefore due to be dismissed in accordance with the directives of 28 U.S.C. §1915(e)(2)(B)(ii).[1]

---

[1] Even under the prior standard, it is clear that the Florida statute in question does not create a protected liberty interest. The statute merely expresses the state's desire to lessen the cost of transportation to the public, it does create a desire to house

Therefore, leave to amend to include the claim concerning the geographic placement of Florida inmates should be denied.

### III.   Conclusion

It is therefore recommended as follows:

1.  The Motion for Leave to Amend [DE# 39] be denied.

2.  The Amended Complaint [DE# 40] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 15th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Glenn Smith, Pro Se
    DC# 880144
    Martin Correctional Institution
    1150 S.W. Allapattah Road
    Indiantown, FL 34956-4397

    Kiernan P. Moylan, Esq.
    Assistant Attorney General
    Office of the Attorney General
    110 S.E. 6th Street, 10th Floor
    Fort Lauderdale, FL 33301

---

prisoners nearest to their permanent residences. Additionally, the statutory language is certainly not "of an unmistakably mandatory character" placing "substantive limitations on official discretion."