UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 2:06-CV-14201-ROSENBERG/LYNCH

GLENN C. SMITH,

  Plaintiff,

 v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

  Defendant.
_____/

## ORDER DENYING MOTIONS TO INTERVENE

**THIS MATTER** is before the Court upon the following claims of intervention: a "CLAIM Rule 24 Intervention" [DE 110], filed by Drew C. Hartley on May 3, 2013; a Motion to Intervene [DE 149], filed by George S. Rivera on November 17, 2014, with accompanying exhibits/appendices filed at DE 150 and DE 154; and an "AFFIDAVIT/Complaint/Joiner Intervene" [DE 152], filed by Anthony L. Schiller on December 22, 2014.[1] The Court interprets each of these filings as a Motion to Intervene, and hereinafter refers to them as such. The applicants for intervention are referred to as Applicant Hartley, Applicant Rivera, and Applicant Schiller (collectively, "Applicants"). The Court has considered Applicants' Motions at DE 110, DE 149, and DE 152; Defendant's Responses at DE 163, DE 164, and DE 165; and Plaintiff's Response at DE 167. The Court has furthermore reviewed the record, and is otherwise advised in the premises.[2] For the reasons discussed below, the Motions are denied.

---

[1] If the Court were to characterize Applicant Schiller's Motion as a Complaint or an unsolicited affidavit from a non-party, it would necessarily be stricken as an unauthorized filing. Accordingly, the Court gives Applicant Schiller the benefit of the doubt and construes it as a Motion to Intervene. To the extent that it can be construed as Applicant Schiller's attempt to join Plaintiff's action, as opposed to a Motion to Intervene, joinder, like intervention, is precluded by the PLRA in this case. *See* discussion *infra*.

[2] On January 27, 2015, Applicant Schiller's Motion for Extension of Time [DE 172] was docketed; Applicant Rivera's Motion for Extension of Time [DE 173] was docketed the following day. Both Motions requested

1

## I.     BACKGROUND

The instant case has a procedurally complex history. A full summary can be found in the most recent Report and Recommendations [DE 145], which this Court adopted on July 18, 2014. *See* DE 147. For purposes of these Motions, the following facts are relevant.

Plaintiff Glenn C. Smith ("Plaintiff"), who initially proceed *pro se* but is currently represented by counsel, filed his Complaint on August 11, 2006. *See* DE 1. Adopting the Magistrate Judge's Report and Recommendations [DE 8], the Court dismissed Plaintiff's Complaint in its entirety. *See* DE 11. Plaintiff appealed, and the Eleventh Circuit affirmed the Court's decision with regard to all of Plaintiff's claims, except Plaintiff's claim of retaliatory transfer against Defendant Florida Department of Corrections ("Defendant"). *See Smith v. Fla. Dep't of Corr.* (*Smith I*), 318 F. App'x 726 (11th Cir. 2008) (per curiam) (unpublished). The case was remanded. *See id.*

Defendant then filed a Motion for Summary Judgment [DE 59]. A Report and Recommendations [DE 73] was issued recommending that Defendant's Motion for Summary Judgment be granted. The Report was adopted and Plaintiff again appealed. *See* DE 74, DE 87. The Eleventh Circuit again reversed the Court, remanding the case for further proceedings consistent with the opinion. *See Smith v. Fla. Dep't of Corr.* (*Smith II*), 713 F.3d 1059 (11th Cir. 2013) (per curiam). On remand, Defendant again moved for summary judgment. *See* DE 129. This time, the Magistrate Judge's Report recommended that Defendant's Motion for Summary

---

additional time to reply to Defendant's Responses. The Court granted these Motions in part, allowing Applicant Schiller and Applicant Rivera until January 30, 2015 to file a reply, a week-long extension. *See* DE 176, DE 177. No reply has been received from either Applicant, nor does the Court consider a reply necessary to evaluate the Motions. The Court has conducted independent research into the issues, in addition to reading the original Motions and Defendant's Responses, and is fully informed as to the issues it must address. For this reason, too, the Court does not consider it necessary to wait for Applicant Hartley's reply to rule upon the Motions. *See* Defendant's Notice of Compliance [DE 179] (admitting that Defendant's Response was mailed to the wrong correctional institution with respect to Applicant Hartley, and was only mailed to the correct address on January 29, 2015). Should Applicant Hartley subsequently file a reply, the Court will consider it and, if needed, amend this Order.

Judgment be denied. *See* DE 145. The Report was adopted, and the case was set for trial. *See* DE 147, DE 159.

Shortly after *Smith II* was issued, on May 3, 2013, the first of the three applicants, Applicant Hartley, filed his Motion to Intervene. *See* DE 110. Applicant Rivera filed his Motion to Intervene on November 17, 2014, four months after this Court adopted the Magistrate's final Report. *See* DE 149. Applicant Schiller's Motion to Intervene was filed on December 22, 2014, about a month after that. Following this Court's status conference of January 8, 2015, the Court required Defendant and Plaintiff to file responses to the Motions. *See* DE 157. Defendant timely filed its responses on January 13, 2015. *See* DE 163, DE 164, DE 165. Plaintiff timely filed his response on January 15, 2015, concurring with Defendant's analysis of the case law.[3] *See* DE 167. As discussed in footnote 2, *supra*, no replies have been filed.

## II.   DISCUSSION

The Court concludes that Applicants' intervention is precluded by the Prison Litigation Reform Act ("PLRA"). The PLRA was passed in order "to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." *See Hubbard v. Haley*, 262 F.3d 1194, 1996 (11th Cir. 2001) (collecting cases). In pursuit of this goal, the PLRA amended 28 U.S.C. § 1915 to require a prisoner to pay the full amount of the filing fee, even when a prisoner brings a civil suit *in forma pauperis*. *See* 28 U.S.C. § 1915(b). The PLRA thus "require[s] prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits." *Hubbard*, 262 F.3d at 1198 (quoting and citing 141

---

[3] Applicant Rivera has noted that he (and, according to his Notice, Applicant Schiller) did not receive copies of Plaintiff's Response. *See* DE 183, DE 173. Plaintiff was required to mail Applicants copies of his Response per this Court's Order. *See* DE 157. Applicants have not been disadvantaged by Plaintiff's failure to serve them, however, because Plaintiff merely agreed with Defendant's statement of the law in his Response. *See* DE 167. The only legal authority cited was *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), which Defendant discussed in its Response at length. *See id.* Nevertheless, Plaintiff was required to serve Applicants, and did not do so. Plaintiff is warned that his failure to comply with future Court Orders may result in sanctions including, but not limited to, dismissal of his case. Additionally, Plaintiff is instructed to serve Applicants with his Response. *See* Part III, *infra*.

Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

In *Hubbard*, the Eleventh Circuit upheld the district court's decision to require each plaintiff in the multi-plaintiff lawsuit to file a separate complaint and pay a separate filing fee under 28 U.S.C. § 1915. *See id.* at 1195, 1198. To the extent that statute conflicted with the Rules Enabling Act, as expressed in Federal Rule of Civil Procedure 20 (Permissive Joinder of Parties), *Hubbard* held that the statute repealed the Rule. *See id.* at 1198. *Hubbard* has been interpreted broadly. For example, in *Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863 (11th Cir. 2013) (per curiam) (unpublished), the Eleventh Circuit held that although *Hubbard* noted Congress's intent to deter frivolous lawsuits, *Hubbard*'s holding was not limited to frivolous suits.

*Daker v. Ferrero*, No. 1:03-CV-02481, 2007 WL 1100463, at *2–4 (S.D. Fla. Jan. 3, 2007), applied *Hubbard* in the context of a motion to intervene and found that *Hubbard* barred intervention, just as it barred joinder:

> Here, it is clear that applying Rule 24 to allow Mr. Muhammad to intervene in this action would circumvent the PLRA's requirement that he pay a full filing fee and undermine the Eleventh Circuit's rationale in *Hubbard*. By allowing intervention in this context, a prisoner such as Mr. Muhammad, provided that Rule 24 were applicable, could avoid the anti-joinder rule by simply waiting until an action was filed and then intervening under Rule 24. In this case, because of the similar interest of Plaintiff and Mr. Muhammad and the potential *stare decisis* effect of this Court's resolution of Plaintiff's challenge to the Central State Prison stand-at-attention policy, that is likely to be the case: Mr. Muhammad would achieve through intervention what he could not achieve through joinder. The Court declines to adopt such a procedural inconsistency.

*Id.* at *3.

The Court agrees with the reasoning in *Daker* and finds that *Hubbard* controls in this case just as it did in *Daker*, which is the position adopted by both Plaintiff and Defendant in the

4

instant case.[4] Accordingly, the Motions to Intervene are denied.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Applicant Hartley's Motion to Intervene [DE 110], Applicant Rivera's Motion to Intervene [DE 149], and Applicant Schiller's Motion to Intervene [DE 152] are all **DENIED**. Accordingly, Drew Hartley, George Rivera, and Anthony Schiller shall not be allowed to intervene in the instant suit. Applicant Rivera's Motion for an Order Authorizing Telephonic Appearance [DE 182] is also **DENIED** because he is not a party to the suit. It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff is instructed to serve Applicants with his Response [DE 167] as required by this Court's Order.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 4th day of February, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[4] The Court also agrees with *Daker* in that it concludes Applicants may not circumvent *Hubbard* by offering to pay multiple filing fees. *See* 2007 WL 1100463, at *3.