UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 2:06-CV-14201-ROSENBERG/LYNCH

GLENN C. SMITH,

   Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

   Defendant.
_____/

**ORDER ON APPLICANT SCHILLER'S REPLY [DE 225]
AND APPLICANT RIVERA'S MOTION FOR RECONSIDERATION
AND/OR ALTERNATIVELY TO ALTER OR AMEND [DE 226]**

**THIS MATTER** is before the Court upon Applicant Anthony L. Schiller's late-filed Reply [DE 225] and Applicant George S. Rivera's Motion for Reconsideration and/or Alternatively to Alter or Amend [DE 226]. Both Applicant Schiller and Applicant Rivera previously moved to intervene in the instant action. *See* DE 149, DE 152. The Court denied both Motions. *See* DE 184. In its Order denying the Motions, the Court noted that due to delays with mail delivery to and from the Applicants' correctional institutions, the Court would consider late-filed replies and amend its judgment if necessary. Having reviewed Applicant Schiller's late-filed Reply, the Court finds nothing in it that would affect its prior Order and justify that Order's amendment.

As for Applicant Rivera's Motion for Reconsideration, it is denied. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered

1

evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

Here, Applicant Rivera fails to meet the exceedingly high standard necessary to prevail on a reconsideration motion. He does not identify an intervening change in the law. He cites no new evidence. Nor does he raise a plausible argument that there was clear error or manifest injustice in the Court's Order denying his Motion to Intervene. Accordingly, his Motion for Reconsideration is denied.

Applicant Rivera requests, in the alternative, that the Court amend its Order to include certification of the issue as one of "exceptional importance," allowing for an immediate appeal of this Court's denial of his Motion to Intervene under 28 U.S.C. § 1292(b). That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id. Hubbard v. Haley*, 262 F.3d 1194, upon which the Court's prior decision was premised, remains controlling law in this circuit; thus, this Court does not believe there exists "substantial ground for difference of opinion" with respect to its applicability in the instant case. Moreover, certification of the issue less than a week before trial is set to commence would hardly "materially advance the ultimate termination of the litigation." Accordingly, it is

**ORDERED AND ADJUDGED** that the Court's prior Order Denying Motions to Intervene [DE 184] remains in place, unamended. Applicant Rivera's Motion for Reconsideration and/or Alternatively to Alter or Amend [DE 226] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of February, 2015.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE