UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:06-CV-14201-ROSENBERG/LYNCH

GLENN C. SMITH,

    Plaintiff,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR REVIEW OF COURT REPORT FEES**

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion for Reconsideration of Order Denying Plaintiff's Motion to Proceed in Forma Pauperis for Costs of Trial Transcripts for Appeal, docketed on November 18, 2015 [DE 343], and Plaintiff's *pro se* "Motion for Review and Correction of Costs for Final Transcripts for Appeal," also docketed on November 18, 2015 [DE 344]. On November 30, 2015, Defendant filed a response in opposition to the Motions [DE 345]. The Court has reviewed Plaintiff's Motions, Defendant's Response, and the case file, and is otherwise fully advised in the premises. For the reasons set forth below, the Motions are **DENIED**.

    I.    **BACKGROUND**

This action for injunctive and declaratory relief was tried before the Court from March 2, 2015 to March 6, 2015, and judgment was entered in favor of Defendant. *See* DE 300, 305, 308-09, 311, 318. Plaintiff has appealed that judgment. *See* DE 335-36. Plaintiff previously moved for leave to proceed *in forma pauperis* on appeal, for purposes of obtaining transcripts of the

1

March 2015 trial. *See* DE 337. The Court denied this motion because Plaintiff had "fail[ed] to point to any specific legal errors or erroneous findings of fact that occurred at trial," and therefore "fail[ed] to demonstrate the existence of a substantial question that would merit providing him with a free transcript." DE 338.

In the instant motion for reconsideration, Plaintiff proffers thirteen issues that he plans to raise on appeal. *See* DE 343. In the other pending motion, Plaintiff challenges the reasonableness of the transcription fees charged by the federal court reporter. *See* DE 344. Defendant has filed a response opposing the motions. *See* DE 345. Defendant asserts that Plaintiff is barred from seeking *in forma pauperis* status under the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"). *Id.* Plaintiff did not file any reply.

## II.     ANALYSIS

**A.     Motion for Reconsideration of Order Denying Plaintiff's Motion to Proceed in Forma Pauperis for Costs of Trial Transcripts for Appeal**

"The purpose of the PLRA is to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The PLRA bars a prisoner from bringing a civil action or appeal *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes" provision. *Rasheed v. Owens*, Case No. 5:15-CV-0167-MTT, 2015 WL 3447379, *2 (M.D. Ga. May 28, 2015).

A review of court records on the Federal Judiciary's Public Access to the Court Electronic Records ("PACER") database reveals that Plaintiff Glenn C. Smith has brought at least four actions in this district that were dismissed on one of the grounds specified in 28 U.S.C.

2

§ 1915(g). *See Smith v. Sgt. C. Thomas, III*, Case No. 06-14066-CIV-KMM (S.D. Fla. Aug. 1, 2006); *Smith v. Villapando*, Case No. 08-14032-CIV-KMM (S.D. Fla. Feb. 26, 2008); *Smith v. Crosby*, Case No. 05-21820-CIV-JAL (S.D. Fla. Mar. 7, 2006); *Smith v. Immigration & Naturalization Service,* Case No. 02-21634-CIV-FAM (S.D. Fla. July 19, 2002). Additionally, on July 27, 2008, Judge K. Michael Moore issued an order putting Mr. Smith "on notice that he is no longer permitted to file petitions to proceed in forma pauperis before any court of the United States in any civil action or appeal from a judgement in a civil action," and warning him that "if [he] violates this Order, he may be found in contempt of court and may become subject to additional filing restrictions." *Smith v. Sgt. C. Thomas, III*, Case No. 06-13066-CIV (S.D. Fla. July 27, 2008); *see also Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1061 n.1 (11th Cir. Feb. 2013) ("[T]wo of Florida's circuit courts have sanctioned Smith for such claims, prohibiting him from filing any *pro se* documents in those courts. In a separate matter, the United States District Court for the Southern District of Florida also sanctioned Smith by prohibiting him from proceeding *in forma pauperis* in the federal courts."). Accordingly, Plaintiff is barred from seeking *in forma pauperis* status under the PLRA.

**B.     Motion for Review and Correction of Costs for Final Transcripts for Appeal**

In his other pending motion, Plaintiff asks the Court to "review the currently prescribed costs for trial transcripts for appeal which in the light of current technology and procedures are unfair and unjust (enrichment) in regard to the court reporter's compensation." DE 344. The fees charged by federal court reports are set by the court and are subject to the approval of the Judicial Conference of the United States. *See* 28 U.S.C. § 753(f); *see also* Transcript Rate Schedule for the United States District Court for the Southern District of Florida, available at:

3

https://www.flsd.uscourts.gov/?page_id=445. The Court finds the challenged rate to be reasonable.

### III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Proceed in Forma Pauperis for Costs of Trial Transcripts for Appeal [DE 343] and Motion for Review and Correction of Costs for Final Transcripts for Appeal [DE 344] are **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of January, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record
Clerk of Court